Dear Mr. Stokes:
You have requested an opinion of the Attorney General regarding payment of fees for off duty law enforcement officers appearing as witnesses in criminal matters in the District Court. You have specifically asked this office to render an opinion as to whether or not the Jackson Parish Police Jury is responsible for the contribution of funds to facilitate the payment of such witness fees. Your question is primarily focused on the proper party to fund such payments to these officers as opposed to the actual requirement that such officers are entitled to the fees. Accordingly, it will be assumed for purposes of this opinion that the off duty police officers appearing as witnesses fulfill all of the statutory requirements to receive witness fee payments and this letter will concentrate on the funding source for such payments.
The witness fees in question here are specified by La.R.S. 15:255 which provides in part:
Whenever a law enforcement officer is required to be present, in his official capacity, as a witness in any criminal case or delinquency adjudication in any district or parish court or any court exercising juvenile jurisdiction, during any time he is not required to report to work or perform the duties of his office, the law enforcement officer shall be paid the sum of fifty dollars for each day per case, but not more than one hundred fifty dollars in any one day, regardless of the number of cases for which he is required to be present or whether he actually testified in the case, and which sum shall be paid from those costs of court collected pursuant to the provisions of Paragraphs (D)(1) and (2) of this Section.
 * * * * *
La.R.S. 15:255(A)(1). *Page 2 
The issue you raise in your request for an opinion is specifically addressed by La.R.S. 15:255. Subsection "G" of this statute provides:
Nothing in this Section shall be construed to require any parish or municipal governing authority to appropriate general fund monies for the payment of witness fees provided for in this Section. Any witness fees and employer contributions associated therewith provided for in this Section shall be paid solely from the special fund administered by each respective parish or municipal governing authority. La.R.S. 15:255(G) (emphasis added).
When the language of a statute is clear and unambiguous there is no need for further interpretation. Here, the language of the statute in the first sentence clearly and unambiguously commands that no parish or municipal governing authority may be required to pay the witnesses fees for off duty law enforcement witnesses from general fund monies.
Subsection "G" also provides an answer to your second inquiry of whether or not the Jackson Parish Police Jury, if it so desired, could appropriate general fund monies to pay such off duty law enforcement officer witness fees. Here, the pertinent part of the Section is the second sentence:
Any witness fees and employer contributions associated therewith provided for in this Section shall be paid solely from the special fund administered by each respective parish or municipal governing authority. La.R.S. 15:255(G) (emphasis added).
Again, the language of the statute is clear and unambiguous. Moreover, the language of the statute includes the mandatory command "shall" as well as the exclusive word "solely." Accordingly, it is clear from the statute that the Jackson Parish Police Jury is prohibited from appropriating general fund monies to pay the witness fees for off duty law enforcement officers specified in this statute. This rationale is congruent with the mandate of the above quoted Subsection (A)(1) of the statute which specifies:
. . . and which sum shall be paid from those costs of court collected pursuant to the provisions of Paragraphs (D)(1) and (2) of this Section. La.R.S. 15:255(A)(1) (emphasis added). *Page 3 
Again, the mandatory word "shall" is used in the statute to provide that payments provided for by this statute will be paid only from the special fund authorized by the same statute.
Finally, the Subsection of the statute that provides for the mechanism of establishing and maintaining the special fund from which such witness fees shall be paid mandates:
D.(1) Witness fees provided for by this Section shall be paid from costs of court collected in individual cases tried in district or parish courts or in any court exercising juvenile jurisdiction which shall be assessed as a part of the costs of court to be collected in such cases and shall be collected for each case in which there is a plea of guilty or in which there is a conviction. The judge or judges of court for the judicial district wherein the parish, or city of New Orleans, is situated shall adopt a schedule of costs that shall be applicable in each case before that court to which such costs are applicable. All of such costs shall be placed, as they are collected, in a special fund that shall be maintained and be administered by the governing authority and said authority shall pay out of said fund the witness fees herein provided for.
(2) The judge or judges shall, as the needs of the special fund require, adjust the schedule of costs to insure that the proceeds are adequate to fully pay the witness fees herein provided. La.R.S. 15:255(D)(1) and (2) (emphasis added).
From the above, it is clear that the Legislature intended to mandate the sole method of establishing the special fund to pay off duty law enforcement officer witness fees. At no place in this statutory scheme does the Legislature allow for the use of general fund monies for the payment of such fees.
Taking all of the above into account and paying special attention to the use of the mandatory and exclusive language chosen by the Legislature to enact this funding scheme, it is the opinion of this office that:
1. The Jackson Parish Police Jury is not required to contribute any general fund money for the payment of witness fees to off duty law enforcement officers; and
2. The Jackson Parish Police Jury is prohibited from appropriating money from its general fund for the purpose of paying witness fees to off duty law enforcement officers. *Page 4 
I hope that the above has been helpful and that it has fully answered your inquiry. If I can be of any further service to you in the future, please do not hesitate to call upon me at your convenience. Until then, I am
Sincerely,
JAMES "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ JAMES L. PIKER Assistant Attorney General
JLP/pd